Ctiria, per O’Neall, J.
This Court concurs fully in the decision below.
It is only necessary to read the statute law to be satisfied, that there never was any ground for this appeal.
The 4th section of the Act of 1791. (5 Stat. 163,) provides, “ That no lands or personal estate, which shall be acquired by any person after the making of his or her will, shall pass thereby, (unless the said will be republished,) but every such person shall be considered as having died intestate, as to the said lands and personal estate, and the same shall be distributable according to the directions of this Act.”
The 2d section of the Act of 1808, (5 Stat. 573,) provides, “ that so much of the Act entitled ‘ an Act for the abolition of the rights of primogeniture, and for giving an equitable distribution of the real estate of intestates, and for other purposes therein mentioned,’ passed 19th February, 1791, as enacts, that no personal estate, which shall be acquired by any person after the making of his or her will, shall pass thereby, unless the said will be republished, be and is hereby repealed, and that such person shall not be considered as having died intestate as to such personal property.” Nothing can be made more clear than those words make it, that after acquired personal property will pass under a will, if there be words used sufficient to cover it. Here the words, “ all my wagons,” “ all my stock,” include in their proper sense the property in dispute.
The 8th section of the Act of 1824, (6 Stat. 238,) provides, “That from and after the 1st of May next, all wills or testa *470 ments of personal property shall be executed in writing and signed by the testator or testatrix, or by some other person, in his or her presence, and by his or her express direction, and shall be attested and subscribed, in the presence of the said testator, or testatrix, by three or more credible witnesses, or else they shall be utterly void and of no effect.”
This put personal and real estate upon the same footing as to the execution of wills : but it, in no other respect, altered the law.
Such a provision could not have the effect of an implied repeal of the 2d section of the Act of 1808, and of re-enacting the 4th section of the Act of 1791.
The motion is dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motion dismissed.